SALLIE J. JEFFREYS v. ATLANTIC CITY RAILROAD COMPANY.

Decided May 21, 1925.

Negligence—Motor Vehicle Collision With Locomotive—Motor Belonging to Plaintiff, Driven by Person Who Afterward Married Plaintiff—Reasonable Care Claimed for Plaintiff and Gross Negligence on Part of Defendant's Employe—Judgment Against Great Preponderance of Evidence, and Rule Made Absolute.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *French & Richards.*

Contra, *Avis & Avis.*

PER CURIAM.

The plaintiff, Sallie J. Jeffreys, sued to recover compensation for injuries which she received in a collision between an automobile which she owned and which she was riding and a locomotive engine of the defendant company, which occurred at a railroad crossing in Gloucester City at about half-past nine in the evening of October 7th, 1922. The car at the time of the accident was being driven by a man named Smith, who shortly afterward married the plaintiff. The

trial resulted in a verdict in favor of the plaintiff, and a rule to show cause why this verdict should not be set aside was thereupon allowed to the defendant.

The case attempted to be made by the plaintiff was that Smith, who was driving the car, exercised reasonable care as he approached the crossing; that the engineer of the defendant company did not give the statutory signal warning travelers on the highway of the approach of the train; that he failed to have the headlight on his locomotive burning; and, further, that the watchman who was employed to protect the crossing failed to give any warning of the approach of the train; and, lastly, that the automatic crossing bell was not ringing.

Our examination of the proofs in this case lead us to the conclusion that the finding of the jury was contrary to the great preponderance of the evidence with relation to each one of these factors—that is, we think the evidence greatly preponderated in support of the defendant's contention that the accident happened by reason of the negligence of Smith, the driver of the plaintiff's automobile. We also think that the proofs fully support the conclusion that, as the train approached the crossing, the engine bell was ringing; that the watchman attempted to stop the automobile from crossing over in front of the train; that the headlight was burning on the locomotive, and that the crossing bell was ringing.

We conclude, therefore, that the rule to show cause should be made absolute.